IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>        v.<br><br>PERRY WILLMORE,<br><br>                     Defendant. | CASE NO. 1:08-CR-00374-AWI-1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. The Court hereby denies the motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the Court found An adjusted offense level of 33 and a criminal history category of I. The sentencing range was 135 to 168 months. The Court departed downward to the mandatory minimum sentence of 120 months. The defendant's amended offense level is 31, providing for a sentencing range of 120 to 135 months due to the mandatory minimum sentence applicable in the case.

Amendment 782 has not reduced the guideline range applicable in the defendant's case. While the drug quantity table has reduced his base offense level, the bottom of the defendant's sentencing guideline is still the 120-month mandatory minimum sentence pursuant to U.S.S.G. § 5G1.1(c)(2). Therefore, the defendant's sentencing range has not changed. The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated: December 22, 2014                   _____
                                            SENIOR DISTRICT JUDGE